UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ZAVALA MORALES,<br>Petitioner,<br>v.<br>STUART SHERMAN, Warden,<br>Respondent. | NO. CV 17-4384-BRO (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On June 13, 2017, Petitioner, a state inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He challenges his 2009 conviction for attempted robbery and other crimes, which resulted in a prison sentence of 35 years to life. Because he previously challenged the same underlying state-court judgment here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization to file a successive petition, the Court lacks jurisdiction over the new petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District, as well as the records of the state trial and appellate courts and the United States Supreme Court.

In March of 2009, a Los Angeles County Superior Court jury convicted Petitioner of attempted robbery and other crimes. He was sentenced to prison for 35 years to life. (Petition at 1.)

Petitioner began an appeal in California Court of Appeal case number B215335, and was appointed counsel. On October 5, 2009, the court granted his request, filed by counsel, to abandon the appeal.

Starting in 2011, Petitioner has filed numerous unsuccessful post-conviction challenges to his conviction and/or sentence in the California Court of Appeal (case numbers B215335, B233240, B234817, B261988, B265651, B279751) and the California Supreme Court (case numbers S197328, S238776, S239889).

On July 19, 2012, Petitioner filed a habeas petition in this court, where it was assigned case number CV 12-6229-BRO (OP) ("*Morales I*"). On September 24, 2013, the Court accepted the Magistrate Judge's recommendation and entered Judgment dismissing *Morales I* with prejudice as untimely. (Dkt. Nos. 22, 26 in *Morales I*.) On the same date, the Court denied a certificate of appealability, and the Ninth Circuit did likewise on July 10, 2014 in its case number 13-56898. (Dkt. Nos. 28, 33 in *Morales I*.)

The current Petition contains two grounds for relief: (1) insufficient evidence to support the attempted robbery conviction; and (2) trial court error in failing to exercise discretion to strike a prior strike conviction. (Petition at 9, 36-39 (page citations are to page numbers assigned by CM/ECF in the header).)

**II.**

**DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Morales I*. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Brandon v. Los Angeles Cnty. Sup. Ct.*, No. 15-2187-CAS, 2015 WL 1541567, *3 (C.D. Cal. April 2, 2015) (same).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of jurisdiction.

DATED: June 26, 2017

BEVERLY REID O'CONNELL
United States District Judge